**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | |
|---|---|
| PLUMBERS, PIPEFITTERS AND APPRENTICES LOCAL NO. 112, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VESTIS CORPORATION, ARAMARK, KIMBERLY SCOTT, RICK DILLON, and JOHN J. ZILLMER,<br><br>Defendants. | Case No.: 1:24-cv-02175-SDG |

**DEFENDANTS ARAMARK AND JOHN J. ZILLMER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE <u>AMENDED COMPLAINT</u>**

Defendants Aramark and John J. Zillmer hereby request that the Court consider the documents attached as Exhibits A through E to the concurrently filed Declaration of Christopher S. Turner in support of Defendants Aramark and John J. Zillmer's Motion to Dismiss the Amended Class Action Complaint. Each of these Exhibits is incorporated by reference in the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") (ECF No. 55) and/or properly subject to judicial notice.

1

## DOCUMENTS AND MEDIA SUBJECT TO THIS REQUEST

**Exhibit A:** An Information Statement attached as Exhibit 99.1 to Vestis's 8-K filed with the SEC on September 11, 2023 ("Information Statement"). The Amended Complaint references, quotes and relies upon the Information Statement. AC ¶¶ 58-63, 158-166, 238, 244. The Information Statement contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit B:** A press release titled "Aramark Reports Fourth Quarter and Full Year Fiscal 2023 Results" attached as Exhibit 99.1 to Aramark's 8-K filed with the SEC on November 14, 2023.

**Exhibit C:** A copy of the transcript of Vestis's Fiscal Second Quarter 2024 Earnings Conference Call held on May 2, 2024 ("Vestis Q2 2024 Earnings Call"). The Amended Complaint references, quotes and relies upon the Vestis Q2 2024 Earnings Call. AC ¶¶ 7, 93-95, 221. The Vestis Q2 2024 Earnings Call contains statements that Plaintiffs allege are corrective disclosures and demonstrate the falsity of the statements they challenge, and, therefore forms the basis of Plaintiffs' claims.

**Exhibit D:** A copy of the transcript of Vestis's Analyst/Investor Day held on September 13, 2023 ("Analyst Day Transcript"). The Amended Complaint references, quotes and relies upon the Analyst Day Transcript. AC ¶¶ 64-70, 167-174. The Analyst Day Transcript contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit E:** A presentation from Vestis's Analyst/Investor Day held on September 13, 2023, filed with the SEC as Exhibit 99.1 to Vestis' Form 8-K on September 13, 2023 ("Analyst Day Presentation"). The Amended Complaint references, quotes and relies upon the Analyst Day Presentation. AC ¶¶ 64-65, 167-170. The Analyst Day Presentation contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

2

When deciding a motion to dismiss, the Court may consider documents "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Even if a document is not incorporated by reference or central to the claims asserted, the Federal Rules of Evidence permit a court to take judicial notice of "adjudicative fact[s]" that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b); *see In re Floor & Decor Holdings, Inc. Sec. Litig.*, 2020 WL 13543880, at *2 n.6 (N.D. Ga. Sept. 21, 2020) (taking judicial notice of exhibits on motion to dismiss). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). For the reasons set forth below, Aramark and Zillmer respectfully submit that each of the Exhibits identified above is incorporated by reference and/or subject to judicial notice and should be considered by the Court in adjudicating their Motion to Dismiss.

*First,* Exhibits A, C, D, and E are incorporated by reference in the Amended Complaint. *See* AC ¶¶ 159-73. Under the incorporation-by-reference doctrine, a court may consider evidence attached to a motion to dismiss "if (1) the plaintiff refers to certain documents in the complaint, (2) those documents are central to the

plaintiff's claim, and (3) the documents' contents are undisputed." *Baker v. City of Madison, Alabama*, 67 F.4th 1268, 1276 (11th Cir. 2023) (quotation omitted); *see also Vigil v. Dahlquist*, 2023 WL 2768427, at *1 (N.D. Ga. Mar. 31, 2023) (Grimberg, J.) ("[E]xtrinsic evidence may be considered without converting the motion to one for summary judgment if it is central to the plaintiff's claim and the authenticity of the evidence is not challenged." (quotation and internal citations omitted)).  Because the Amended Complaint cites to, quotes from, and otherwise relies upon portions of Exhibits A, C, D, and E and the contents of these documents are undisputed, they are incorporated by reference and appropriately considered by this Court in deciding Defendants Aramark and Zillmer's Motion to Dismiss. Consideration of the entirety of these documents is especially pertinent where, as here, the Amended Complaint cherry-picks quotations from these documents to allege that select phrases within them were false or misleading.  *Sturn v. Marriott Marquis Corp.*, 85 F. Supp. 2d 1356, 1366 (N.D. Ga. 2000) ("[C]ourts cannot fulfill their gatekeeping role if plaintiffs are free to quote selectively or out of context from the documents that they rely upon, and avoid further examination of the documents by not attaching them to the complaint.") (citing *Malin v. IVAX Corp.*, 17 F. Supp. 2d 1345, 1351 (S.D. Fla. 1998)).

*Second*, Exhibits A, B, and E are all documents filed with the U.S. Securities and Exchange Commission (SEC) and available on the SEC's public website.

Courts routinely take judicial notice of public disclosure documents filed with the SEC. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) ("Taking judicial notice of relevant SEC filings at the motion to dismiss stage is … consistent with the overall aim of the [Private Securities Litigation Reform Act]—curbing abusive securities litigation."); *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("In a motion to dismiss a securities action, a court may consider the contents of public disclosure documents which are required to be filed with the SEC and are actually so filed.") (citing *Avado Brands*, 187 F.3d at 1277–78); *In re HomeBanc Corp. Sec. Litig.*, 706 F. Supp. 2d 1336, 1341 n.1 (N.D. Ga. 2010) (taking judicial notice of SEC filings attached to motion to dismiss). Exhibits A, B, and E are thus appropriately subject to judicial notice by this Court in deciding Defendants Aramark and Zillmer's Motion to Dismiss.

<u>**CONCLUSION**</u>

For the foregoing reasons, Aramark and Zillmer respectfully request that the Court take judicial notice of Exhibits A through E in connection with their Motion to Dismiss the Amended Complaint.

Dated: February 25, 2025                    Respectfully submitted,

                                            */s/ Christopher S. Turner*

                                            Christopher S. Turner
                                            GA Bar No. 719102
                                            LATHAM & WATKINS LLP
                                            555 Eleventh Street, N.W.,
                                            Suite 1000
                                            Washington, D.C. 20004
                                            Telephone: (202) 637-2200
                                            Facsimile: (202) 637-2201
                                            christopher.turner@lw.com

                                            *Attorney for Defendants Aramark and
                                            John J. Zillmer*

6

# LOCAL RULE 7.1(D) CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

*/s/ Christopher S. Turner*
Christopher S. Turner

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of February 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, and a copy of the foregoing document has been electronically mailed to all attorneys of record.

*/s/ Christopher S. Turner*
Christopher S. Turner

8