**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| PLUMBERS, PIPEFITTERS AND APPRENTICES LOCAL NO. 112, *Individually and on Behalf of All Others Similarly Situated*,<br><br>    Plaintiffs,<br><br>            v.<br><br>VESTIS CORPORATION, ARAMARK, KIMBERLY SCOTT, RICK DILLON, and JOHN J. ZILLMER,<br><br>    Defendants. | Civil Action No.<br>1:24-cv-02175-SDG |

## <u>STIPULATED PROTECTIVE ORDER</u>

IT IS HEREBY STIPULATED AND AGREED, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, by and among Lead Plaintiffs the City of Atlanta General Employees' Pension Fund, the City of Atlanta Police Officers' Pension Fund, the City of Atlanta Firefighters' Pension Fund, the Employees' Retirement System of the City of Baltimore, and Norfolk County Retirement System (collectively, "Lead Plaintiffs") and Defendants Vestis Corporation, Kimberly Scott, Rick Dillon, Aramark, and John J. Zillmer (collectively, "Defendants," and together with Lead Plaintiffs, the "Parties"), in the above-captioned action (the "Action"), that this Stipulated [Proposed] Protective Order (the "Order") governs disclosure and use by the Parties of all Discovery Materials, defined below, in this Action. The Parties, by and through their respective

1

undersigned counsel, hereby stipulate to the following terms governing the pre-trial phase of this Action, subject to the Court's approval.

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the Action are likely to involve production of confidential or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge that this Order does not entitle them to file confidential information under seal. When seeking to file documents containing confidential information under seal, the Parties will adhere to the process required by Section III.h of the Court's Standing Order Regarding Civil Litigation (the "Standing Order").

2.      DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c)(1)(G) or information of a personal or intimate nature regarding any individual, which falls outside the scope of Federal Rule of Civil Procedure 26(c)(1)(G).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel, as well as their support staff.

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, as well as their assistants, support staff, and agents.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for heightened protection, including

3

but not limited to: (i) highly sensitive competitive information, including, without limitation, information obtained from a Non-Party pursuant to a current Nondisclosure Agreement; (ii) highly sensitive commercial information relating to future business/strategic plans, future sales, and financial projections; (iii) highly sensitive trade secrets and product development, research, and design; (iv) highly sensitive commercial agreements, confidential settlement agreements, or confidential settlement communications; and (v) highly sensitive financial information, the disclosure of which the Designating Party in good faith believes is likely to cause substantial harm to a Producing Party.  Such information may be viewed only by Outside Counsel of Record, or as described in Section 7.3, below.

2.8    House Counsel: attorneys who are employees of a Party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11    Party: any party to this Action, including all of its officers, directors,

4

employees, consultants, retained Experts, and Outside Counsel of Record as well as their support staffs.

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendor: person or entity that provides litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, participating in depositions, and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors (as well as their support staff).

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.15    Receiving Party: a Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this

Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the latest of (1) dismissal of all claims and defenses in this Action, with or without prejudice; (2) final approval of settlement between and among all parties; or (3) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Protected Material. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited and expose the Designating Party to sanctions.  In addition, designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties in writing that it is withdrawing the mistaken designation and reproduce the information or items without the designation.

7

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as designated.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains

Protected Material.

(b)    Parties or testifying persons or entities may designate all or portions of depositions and other testimony Protected Material by indicating on the record at the time the testimony is given or by sending written notice to the Receiving Party of which portions of the transcript of the testimony are designated CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within thirty (30) days of receipt of the transcript of the testimony.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order; however, the transcript pages of the deposition testimony dealing with such designated Discovery Material will only be deemed Protected Material if they are designated for protection, either on the record or within the 30-day period.  The Designating Party shall inform the court reporter that transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and that the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material.  Any transcript that is prepared before the expiration of the 30-day period shall be treated during that period as if it had been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.  Counsel for any

Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, videographer (if any), and Counsel for the Parties, any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material if timely corrected within seven (7) days of the date the Designating Party first becomes aware of the inadvertent failure to designate.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including ceasing the use of the

materials without designation once the Producing Party has reproduced the material with the designation.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (by phone, video conference, or in person) within seven (7) days of the date of notice of the challenge.

6.3      Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Party seeking Court intervention shall submit the challenge to the Court in accordance with Section III.f of the Court's Standing Order by emailing the Court a statement outlining its position and requesting a conference with the Court.  Parties seeking court intervention may submit this statement to

the Court within seven (7) days of the Parties agreeing that the meet and confer process will not resolve their dispute, or fourteen (14) days of the initial notice of challenge, whichever is earlier.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be securely stored and maintained by a Receiving Party in a manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record;

(b)    The Receiving Party's House Counsel as well as employees of said House Counsel;

(c)    The Receiving Party, including the officers, directors, and employees of the Receiving Party;

(d)    Experts who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    The Court and its personnel, special masters, any court-appointed official and their staff, and any appellate court in this Action;

(f)    Court reporters and their staff, videographers and their staff, Professional Vendors and their staff, and mediators and their staff;

(g)    Professional jury or trial consultants, and mock jurors who have signed Exhibit A;

(h)    Witnesses or potential witnesses in the Action, during or in preparation for deposition or trial testimony.

(i)   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, including the individual or individuals who prepared or contributed to a document;

(j)   Any insurer, including counsel to any such insurer, who may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment; and

(k)   Any other person upon order of the Court or agreement of the Parties.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY " Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party only may disclose any information or item designated "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" to:

(a)   The Receiving Party's Outside Counsel of Record in this Action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, with the understanding that all such employees are bound by the

14

terms of this Order with respect to such Highly Confidential Material.

(b)     For the avoidance of doubt, the Receiving Party's Outside Counsel of Record shall not furnish, show, or disclose Highly Confidential Discovery Material to the Receiving Party's client(s) without the prior written consent of the Producing Party or by Order of the Court, or pursuant to the terms of this Order.

(c)     Experts and consultants to whom disclosure is reasonably necessary for this Litigation and who have signed "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(d)     The Court, court personnel, and court reporters and their staff.

(e)     During, or in preparation of, their depositions in the Action, witnesses to whom disclosure is reasonably necessary only for purposes of testimony or preparation of testimony in this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), except that the following categories of

deponents will not be required to sign Exhibit A to view "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material:

   a. Current or former Aramark or Vestis Corporation executives or employees;

   b. Individuals who are represented in their deposition by counsel for the Designating Party of the relevant document; and

   c. Witnesses who are otherwise permitted by this Order to view "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information without signing Exhibit A.

If a witness who is otherwise required by this Order to sign Exhibit A refuses to sign Exhibit A and the Parties are otherwise unable to reach a resolution, the deposition shall be held open pending a resolution, and the Parties shall seek a determination from this Court within two (2) business days of that deponent's refusal to sign Exhibit A in an effort to reach a mutually agreeable resolution before proceeding to show information or materials designated by an opposing Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to that witness during the deposition. Pages of transcribed deposition testimony or exhibits to depositions that

reveal Highly Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(f)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, including the individual or individuals who prepared or contributed to a document;

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)  notify in writing the Designating Party within five (5) days. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served

with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

The terms of this Order are applicable to information produced and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Non-Party to this Action.  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to

retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1    This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if the Producing Party discloses information in connection with the pending litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture--in this or any other action--of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

11.2    This Order protects any disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

11.3    Each party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court

hereby orders that disclosure of Protected Information in discovery conducted in this litigation shall not waive any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

11.4    A Producing Party must promptly, and in any event no later than fourteen (14) days of learning that Protected Information was unintentionally disclosed, notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver by the disclosure. Upon receipt of notification, the Receiving Party shall immediately take all reasonable steps to sequester, destroy, or return all copies, electronic or otherwise, of such document or other information, and shall provide a certification that it will cease further review, dissemination, and use of the Protected Information.

11.5    This Order shall be interpreted to provide the maximum protection allowed to the Disclosing Party by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order. However, if for any reason, a Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

11.6    The Parties' agreement to the terms set forth in this Order does not

constitute a concession by any Party that any documents are subject to protection of privilege, nor is it intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    Large Language Models / Generative AI Tools.  All parties shall take commercially reasonable steps to prevent unauthorized access to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" including when using generative AI tools or large language models. Without notifying and obtaining permission from the producing party, individuals or entities with access to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order must not use material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" in  AI tools or similar applications (e.g., OpenAI GPT, ChatGPT, Google Bard, Meta LLAMA) without taking commercially reasonable efforts to ensure such tools (a) do not incorporate inputs into model weights, or otherwise inadvertently produce outputs containing identifiable parts of material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", and (b) adhere to cybersecurity best practices and provide sufficient administrative controls to prevent unauthorized access. For the avoidance of doubt, this provision does not restrict the use of artificial intelligence systems, nor require the Producing Party's permission, where such systems do not learn from user inputs or incorporate such inputs into model weights, and do not generate outputs containing any portion of those inputs outside the specific query context, including applications such as Microsoft Copilot and the Parties' document review platforms.

13.    <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all parties in receipt of material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such material and certify that fact in

writing.  The Receiving Party's reasonable efforts shall not require the return or destruction of material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data, or (iv) material that is subject to legal hold obligations or commingled with other such material.  Backup storage media will not be restored for purposes of returning, or certifying destruction of material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" but such retained information shall continue to be treated in accordance with the Order and destroyed in due course.

Counsel for the parties and their Experts shall be entitled to retain copies of court papers (and exhibits thereto), correspondence including email, pleadings, deposition and hearing transcripts (and exhibits thereto), legal memoranda, expert reports, communications, attorney work product, and consultant and expert work product that contain or refer to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that has been retained shall continue to be treated in accordance with the Order. Nothing shall be interpreted in a manner that would violate any applicable

canons of ethics or codes of professional responsibility.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 12, 2025                    Respectfully submitted,

**SAXENA WHITE P.A.**                    **MORRIS, MANNING & MARTIN**

By: */s/ Lester R. Hooker*               By: /s/ *Nathan R. Miles*
Lester R. Hooker (admitted *pro hac vice*)   Nathan R. Miles (Bar No.829924)
Jonathan Lamet (admitted *pro hac vice*)     3343 Peachtree Road, NE
Dianne M. Pitre (admitted *pro hac vice*)    1600 Atlanta Financial Center
7777 Glades Road, Suite 300              Atlanta, GA 30326
Boca Raton, Florida 33434               Telephone: (404) 504-7642
Tel.: (561) 394-3399                    Facsimile: (404) 365-9532
Fax: (561) 394-3382                     nmiles@mmmlaw.com
lhooker@saxenawhite.com
jlamet@saxenawhite.com
dpitre@saxenawhite.com

                                        **MAYER BROWN LLP**

Steven B. Singer (admitted *pro hac vice*)
10 Bank Street, Suite 882               By: */s/ Joseph De Simone*
White Plains, NY 10606                  Joseph De Simone (PHV admitted)
Tel.: (914) 437-8551                    Michelle Annunziata (PHV admitted)
Fax: (888) 631-3611                     1221 Avenue of the Americas
ssinger@saxenawhite.com                 New York, NY 10020
                                        Telephone: (212) 506-2500
                                        jdesimone@mayerbrown.com
*Lead Counsel for Lead Plaintiffs*       mannunziata@mayerbrown.com
*and the Class*

                                        Max Hirsch (PHV admitted)
**LINDSEY & LACY, PC**                   333 S. Grand Avenue, 47th Floor
                                        Los Angeles, CA 90071
W. Thomas Lacy, Jr.                     Telephone: (213) 229-9500
Georgia Bar No. 431032                  mhirsch@mayerbrown.com
200 Westpark Drive, Suite 280
Peachtree City, GA 30269                *Counsel for Defendants Vestis*
Tel.: (770) 486-8445
Fax: (770) 486-8889

24

tlacy@llptc.com

*Local Counsel for Lead Plaintiffs and the Class*

*Corporation and Rick Dillon*

**LATHAM & WATKINS LLP**

By: */s/ Christopher S. Turner*
Christopher S. Turner
GA Bar No. 719102
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
christopher.turner@lw.com

*Counsel for Defendants Aramark and John J. Zillmer*

**MORRIS, MANNING & MARTIN**

By: */s/ Nathan R. Miles*
Nathan R. Miles (Bar No.829924)
3343 Peachtree Road, NE
1600 Atlanta Financial Center
Atlanta, GA 30326
Telephone: (404) 504-7642
Facsimile: (404) 365-9532
nmiles@mmmlaw.com

**WINSTON & STRAWN LLP**

By: */s/ Matthew Dirisio*
Matthew L. DiRisio
Kerry C. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-2656
Facsimile: (212) 294-2656
mdirisio@winston.com
kcdonovan@winston.com

25

*Counsel for Defendant Kimberly Scott*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

**SO ORDERED** this <u>18th</u> day of December, 2025.

                    Steven D. Grimberg
              United States District Judge